**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FAROBAG COOPER, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONWIDE CREDIT, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT  – CLASS ACTION

## INTRODUCTION

1.       Plaintiff Farobag Cooper brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Nationwide Credit, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.       The ICAA reflects a determination that "[t]he practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C.

§§1331, 1337 and 1367.

5.     Venue and personal jurisdiction in this District are proper because:

a.     Defendant's collection communications were received by plaintiff

within this District;

b.     Defendant transacts business within this District.

## PARTIES

6.     Plaintiff Farobag Cooper is an individual who resides in the Northern

District of Illinois.

7.     Defendant Nationwide Credit, Inc. is a corporation with offices at 2002

Summit Blvd., Suite 600, Atlanta, GA 30319.

8.     Nationwide Credit, Inc. is engaged in the business of a collection

agency, using mailings and telephone calls to collect consumer debts originally owed to others.

9.     Nationwide Credit, Inc. is a debt collector as defined in the FDCPA.

10.    Nationwide Credit, Inc. is a collection agency as defined in the ICAA.

## FACTS

11.    Defendant is attempting to collect from plaintiff an alleged debt incurred

for personal, family or household purposes and not for business purposes.

12.    During the year prior to the filing of this action, defendant has placed

numerous calls to plaintiff's cellular and landline phones and left messages on the associated

voicemails.

13.    The following is an incomplete list of the calls to plaintiff's cell phone:

a.     From 770-612-7070, received July 28, 2011 at 12:27 pm:

"This is [unintelligible name, probably South Asian] calling to
confirm location information concerning Farobag Cooper.  Please
contact me at 877-653-7086 at extension 5555.  This call is being
recorded for quality assurance and other purposes."

2

      b.    From 770-612-7070, received August 2, 2011 at 5:32 pm:

"This is [unintelligible name, probably South Asian]. I'm calling to confirm location information concerning Farobag Cooper. Please call me at 877-779-3475. This call is being recorded for quality assurance and other purposes."

      c.    From 770-612-7070 received August 4, 2011 at 1:06 pm.

"This is [unintelligible name, probably South Asian]. I'm calling to confirm location information concerning Farobag Cooper. Please contact me at 877-653-7086 extension 5555. This call is being recorded for quality assurance and other purposes."

      d.    From 770-612-7070 received August 5, 2011 at 1:11 pm:

"This is [unintelligible name, probably South Asian]. I'm calling to confirm location information concerning Farobag Cooper. Please call me at 877-653-7086. The extension to reach me is 5102. This call is being recorded for quality assurance and other purposes."

14.    The following is an incomplete list of the calls to plaintiff's home landline phone:

      a.    From 770-612-7070, received June 16, 2011 at 6:37 pm:

"This is [unintelligible name, probably South Asian]. I'm calling to confirm location information concerning Farobag Cooper. Please call me at 877-653-7086 ext. 5555. This call is being recorded for quality assurance and other purposes."

      b.    From 770-612-7070, received August 4, 2011 at 12:10 pm:

"This is [unintelligible name, probably South Asian]. I'm calling to confirm location information concerning Farobag Cooper. Please call me at 877-653-7086 ext. 5555. This call is being recorded for quality assurance and other purposes."

      c.    From 770-612-7070, received August 5, 2011 at 12:14 pm:

"This is [unintelligible name, probably South Asian]. I'm calling to confirm location information concerning Farobag Cooper. Please call me at 877-653-7086 ext. 5102. This call is being recorded for quality assurance and other purposes."

15.    The cellular number called by defendant is issued to plaintiff and the landline number to plaintiff and his wife.

16.    On information and belief, defendant was aware that it was calling plaintiff.

17.    The numbers 770-612-7070,  877-653-7086 and 877-779-3475 are answered by defendant.

18.    Plaintiff was put to the trouble of determining who the caller was.

19.    On March 3, 2008, a class action suit titled *Anderson, et al v. Nationwide Credit, Inc., et al*, No 08-cv-01016-LDW-MLO (the "EDNY Action") was filed against defendant in the Eastern District of New York based upon conduct substantially similar to the alleged violations in the present matter.

20.    On June 25, 2009, the District Court entered a Final Order approving a class settlement in the EDNY Action.  Exhibit A.  This Final Order includes a permanent, nationwide injunction against defendant for the present complained-of conduct.

## CLASS ALLEGATIONS

21.    This claim is brought on behalf of a class, consisting of (a) all persons (b) with telephone numbers in the Illinois area codes (217, 224, 309, 312, 331, 618, 630, 708, 773, 779, 815, 847, 872) (c) for whom defendant left an automated voicemail or answering machine message (d) that did not identify defendant or state that the call was for collection purposes (e) during a period beginning April 1, 2011 and ending 20 days after the filing of this action.

22.    The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

23.    There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The predominant common question  is whether defendant's calls violate the FDCPA or ICAA.

24.    Plaintiff's claims are typical of the claims of the class members.  All are

4

based on the same legal and factual issues.

25.     Plaintiff will fairly and adequately represent the members of the class.
Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and
class actions.

26.     A class action is superior for the fair and efficient prosecution of this
litigation.  Class-wide liability is essential to cause defendant to stop its improper conduct.
Many class members may be unaware that they have been victims of illegal conduct.

## COUNT I – FDCPA

27.     Plaintiff incorporates paragraphs 1-26.

28.     Defendant's messages violated 15 U.S.C. §§1692e and 1692e(11) as well
as 15 U.S.C. §1692d(6).

29.     Each telephone message was a "communication" within the meaning of 15
U.S.C. §§1692d(6) and 1692e.  *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669
(S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118
(C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v.
Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D.
Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist.
LEXIS 47953 (M.D.Fla., July 14, 2006).

30.     The messages violate 15 U.S.C. §1692d(6) and 15 U.S.C.  §§1692e and
1692e(11) because:

        a.      The messages do not contain the warning required by 15 U.S.C.
§1692e(11).

        b.      The messages do not identify the caller.

31.     15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in
the following conduct: "Except as provided in section 1692b of this title, the placement of
telephone calls without meaningful disclosure of the caller's identity."

32.     Section 1692e provides:

**§ 1692e.          False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)      Such other and further relief as the Court deems proper.

## COUNT II – ICAA

33.     Plaintiff incorporates paragraphs 1-26.

34.     Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

35.     A private right of action exists for violation of the ICAA.  *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class and against defendant:

(1)     Compensatory and punitive damages;

(2)     Costs;

(3)     Such other and further relief as is appropriate.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

7

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)